IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHON DILLINGHAM,

Plaintiff,

v.

JUDGE BRUCE GATTERMAN and KANSAS DEPARTMENT OF AGING AND DISABILITY SERVICES (KDADS);

Defendants.

Case No. 25-3012-JWL

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action against a Kansas state-court judge and the Kansas Department of Aging and Disability Services (KDADS). Plaintiff claims that the judge granted him a change of his legal name but ordered that he could not use the new name within the SPTP, which he asserts constitutes a violation of his rights "to privacy and to be free of discriminatory practices as well as equal protection" under the Fourteenth Amendment. In addition to money damages, plaintiff seeks to change the judge's order and seeks a change in the "policy and procedure" of KDADS. It does not appear, however, that plaintiff has stated a proper claim for relief.

First, any claim against the state-court judge is subject to dismissal because of his immunity from suit for any act within his judicial authority. *See Daniels v. State of Kansas*, 2024 WL 5202384, at *5 (D. Kan. Dec. 23, 2024) (Lungstrum, J.). Plaintiff has alleged

only that the judge issued a certain order relating to plaintiff's application for a name change under state law, and thus plaintiff has not alleged any facts supporting a claim that he acted outside his jurisdiction. *See id.*

Second, any claim against KDADS for money damages is subject to dismissal because that agency shares in the State's sovereign immunity. *See Thayer v. Howard*, 2024 WL 1513514, at *5 (D. Kan. Apr. 8, 2024).

Third, although plaintiff also appears to seek injunctive relief in seeking a change in KDADS's policies, he has not alleged sufficient facts to support such a claim under federal law. Plaintiff has not identified any particular policy or procedure of KDADS by which he was aggrieved; nor has he explained how any particular policy deprived him of privacy or discriminated against him or violated equal protection in violation of the Fourteenth Amendment. Rather, he has alleged only that the state-court judge issued an order prohibiting the use of the new name within the SPTP.

Plaintiff must therefore show cause, in a written filing, why this action should not be dismissed for failure to state a claim that this Court may redress. If plaintiff fails to show that his complaint may be amended to state a proper claim against a non-immune defendant, the Court will dismiss the action.[1]

In addition, plaintiff has filed an application to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. That statute provides that a court may authorize

---

[1] *See* 28 U.S.C. § 1915(e)(2) (notwithstanding the payment of any filing fee, court may dismiss a case that fails to state a claim); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (court may dismiss *sua sponte* when it is obvious plaintiff cannot prevail on the facts alleged and amendment would be futile).

the commencement of an action without prepayment of fees by a person who has submitted an affidavit stating all assets and demonstrating that the persons cannot pay the fees. *See* 28 U.S.C. § 1915(a)(1). Plaintiff has not made the required showing, however. In his application and affidavit, plaintiff has checked the box indicating that he has cash or a bank account, but he has provided no answer when asked the total amount of such assets. Accordingly, in his response to this order, plaintiff should show cause why this application should not be denied for failure to demonstrate a lack of assets sufficient to prepay the $405 filing fee. If plaintiff is able to show that he can assert a proper claim for relief and he wishes to proceed without prepayment of the fee, plaintiff must submit an amended application and affidavit with the requisite information.

IT IS THEREFFORE ORDERED BY THE COURT THAT plaintiff is required to show cause on or before **February 21, 2025**, why this action should not be dismissed for failure to state a claim, and why the application to proceed without prepayment of fees should not be denied.

IT IS SO ORDERED.

Dated this 31st day of January, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge