IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHON DILLINGHAM,            )
                                )
                Plaintiff,      )
                                )
    v.                          )    Case No. 25-3012-JWL
                                )
JUDGE BRUCE GATTERMAN and       )
KANSAS DEPARTMENT OF AGING      )
AND DISABILITY SERVICES (KDADS); )
                                )
                Defendants.     )
                                )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for reconsideration of the Court's order of dismissal (Doc. # 7).  For the reasons set forth below, the Court **denies** the motion.

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action against a Kansas state-court judge and the Kansas Department of Aging and Disability Services (KDADS).  On January 31, 2025, the Court issued a Memorandum and Order to Show Cause.  The Court stated that it did not appear that plaintiff had stated a proper claim for relief for various reasons, and that plaintiff had failed to make the required showing to proceed without payment of the filing fee; and it ordered plaintiff to show cause in writing by February 21, 2025, why the case should not be dismissed for those reasons.  The Court waited for nearly three weeks after

that deadline, but on March 12, 2025, having received no response from plaintiff, the Court dismissed the action.

On April 10, 2025, the Court received a letter from plaintiff, which this Court has liberally construed as a motion for reconsideration.  Plaintiff elaborates on his complaints about a state-court order that granted his name-change petition but imposed certain restrictions.  He has not addressed, however, the particular issues raised by the Court in its show-cause order, and thus, plaintiff has not shown that he can state a cognizable federal claim for relief.[1]  The present motion makes clear that plaintiff feels most aggrieved by the state-court judge's order; but as the Court previously discussed, the defendant judge is immune from suit, and plaintiff has not identified any specific KDADS policy that he challenges.  Plaintiff's recourse would ordinarily be an appeal from the name-change order in state court, and he has not shown a basis for a federal suit.  Accordingly, the Court denies the motion to reconsider its prior order of dismissal.

IT IS THEREFFORE ORDERED BY THE COURT THAT plaintiff's motion for reconsideration of the order of dismissal (Doc. # 7) is hereby **denied**.

---

[1]   The copy of the show-cause order mailed to plaintiff was returned as undeliverable, and plaintiff claims in his motion that it was sent back by authorities at his facility.  It is unclear, however, whether plaintiff later obtained a copy of that order.  Of course, once plaintiff received the dismissal order, which was based on the show-cause order, it was incumbent on plaintiff to obtain a copy of the show-cause order before seeking reconsideration of the dismissal.

IT IS SO ORDERED.

Dated this 14th day of April, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge